The Court,
in its charge to the jury, said that the last count upon a deceit was incompatible with the two former, which are founded upon promises and consequently require a different plea. That the antient way of declaring, in this action, was in deceit; which had been changed for the convenience of adding to the declaration a general count for money had and received. As this was not done in the present case, and as the latter count could not consist with the others, it was only necessary to state the points, upon which the jury ought to be satisfied, in order to find a verdict for the plaintiff.
That no part of the evidence applied to the first count of the express warranty; and the second, could only be established by proof that the price, paid for the horse, was a full one, and that he was unsound at the time of sale; except the defect was visible and apparent, so that the plaintiff must have known it.
If these facts are made out to the satisfaction of the jury, the plaintiff is entitled to their verdict; nor is it incumbent upon him to prove, in this form of action, that he returned the horse; for if the contract is established, this circumstance will not change it. It might indeed, have afforded a presumption that he knew the defect, if he had *21 not directed his agent to return the horse; but having done that soon after the sale, it seems likely that he then first discovered it.
A return would be necessary, if the action had been brought for the price of the horse. In such case the plaintiff must shew that the contract is at an end; but where it still continues open, the object of the suit is damages: the proper measure of which is the difference between the price paid, and the horse’s real value.
Verdict for the Plaintiff.